Filed 8/15/23  P. v. Jones CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MARC ANTHONY JONES,<br><br>　　Defendant and Appellant. | B321841<br><br>Los Angeles County<br>Super. Ct. No. GA051109 |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge. Affirmed.

　　　　Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

"In 2004, a jury convicted Jones of first degree murder ([Pen. Code,[1]] § 187, subd. (a)) and found true the allegation that he personally and intentionally discharged a firearm (§ 12022.53, subd. (d)). The trial court sentenced him to 50 years to life in state prison." (*People v. Jones* (Dec. 8, 2020, B300320) [nonpub. opn.] (*Jones*).)[2]

"In 2019, Jones filed a petition for resentencing under section 1170.95 . . . . [¶] The trial court denied the petition, concluding Jones was ineligible for relief as a matter of law because the record did not show he was convicted under a felony-murder or natural and probable consequences theory of liability. In denying the petition, the court noted Jones shot the victim multiple times during a domestic dispute, was convicted of first degree murder, the jury found true a personal use firearm allegation, and the appellate court decision noted the evidence overwhelmingly demonstrated he harbored an intent to kill." (*Jones, supra*, B300320.)

Jones appealed, and this court affirmed the trial court's order denying relief, noting the record of conviction in no way demonstrated Jones was convicted under the felony murder rule

---

1 All undesignated statutory references are to the Penal Code.

2 We granted appellate counsel's request for judicial notice of our opinion, in case number B300320, affirming the denial of Jones's original petition for section 1170.95 relief. This appeal is from the denial of another section 1170.95 petition Jones filed after the Legislature amended the statute in various ways. Because the litigation in this case occurred before section 1170.95 was renumbered, we refer throughout this opinion to the old code section.

or the natural and probable consequences doctrine. (*Jones*, *supra*, B300320.)

In 2021, after the Legislature amended section 1170.95, Jones filed another section 1170.95 petition for relief. In his petition, Jones requested that counsel be appointed on his behalf. He included jury instructions from his trial along with his petition. The trial court appointed counsel for Jones. When neither party filed a brief, the court deemed the matter submitted. The court concluded Jones was not eligible for relief. In doing so, the trial court noted it had previously denied Jones section 1170.95 relief, and that ruling was affirmed by this court.

Jones timely appealed, and we appointed counsel to represent him. On March 17, 2023, appellate counsel filed a brief raising no issues and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216. On April 7, 2023, Jones filed a supplemental brief. In it, he argues his trial counsel was ineffective in not filing any briefing, appellate counsel was ineffective in raising no issues, and he is entitled to relief under statutory and decisional law. We reject these contentions. As noted above, Jones included jury instructions from his trial along with his petition. A review of these instructions demonstrates the jury was not instructed on the felony murder rule or the natural and probable consequences doctrine. Jones is therefore ineligible for relief as a matter of law. In addition to rejecting Jones's arguments, we exercise our discretion to independently review the record, and we conclude no arguable issues exist. (See *People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying relief is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.

4